IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SPENCER RANSON, | : | |
| Appellant, | : | |
| | : | Civil Action No. |
| v. | : | 5:10-cr-47 (HL) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## ORDER

Appellant Spencer Ranson ("Ranson") appeals the Magistrate Judge's imposition of an eight month sentence for committing the offense of public indecency in violation of 18 U.S.C. §§ 7 and 13, in conjunction with Ga. Code. Ann. § 16-8-8(a)(2) (Doc. 22). Ranson argues that his sentence is procedurally and substantively unreasonable.

A district court reviews sentences entered by a Magistrate Judge under the same standard that the court of appeals applies when reviewing sentences appealed from the district court. 18 U.S.C. § 3402; Fed. R. Crim. P. 58 (g)(2)(D). The reasonableness of a sentence is reviewed under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 1591, 69 L.Ed.2d 445 (2007). To determine whether a sentence is reasonable, the reviewing court performs two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, the court ensures that the sentencing court committed no procedural error. Id. Second, the court determines whether the sentence was substantively reasonable. Id.

I.  PROCEDURAL REASONABLENESS

A sentence is procedurally unreasonable if the sentencing court improperly

calculated the Guidelines range, failed to consider the § 3553(a) factors,[1] or inadequately explained the chosen sentence. Id. (citing Gall, 552 U.S. at 51, 128 S.Ct. at 597). The sentencing court does not have to state that it explicitly considered each of the § 3553(a) factors and does not need to discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Further, even if the sentencing court fails to "explicitly articulate that it had considered the § 3553(a) factors," its explanation is sufficient if it is clear that it considered a number of the sentencing factors. United States v. Dorman, 488 F.3d 936, 944 (11th Cir.2007); see also United States v. Sanchez, 366 Fed. App'x 126, 127 (11th Cir. 2010). The weight accorded to the § 3553(a) factors is left to the sentencing court's discretion. A reviewing court will not substitute its judgment in weighing the factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

Ranson has not established that the Magistrate Judge imposed a procedurally unreasonable sentence. Although the Magistrate Judge did not explicitly state that it had considered the § 3553 factors, it allowed the United States Attorney and Ranson to make arguments concerning the appropriate sentence to impose. The Magistrate Judge heard statements made on Ranson's behalf from Emma Harris, Ranson's mother, and Ranson himself. The Magistrate Judge also stated that he read four letters

---

[1] The § 3353(a) factors include: (1) the nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed to (a) afford adequate deterrence to criminal conduct, (b) protect the public from further crimes of the defendant, and (c) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

describing Ranson's good character and would take the contents of the letters into consideration in imposing a sentence. The arguments and statements made before the Magistrate Judge and the letters presented addressed facts relevant to the § 3553 factors, including the history and characteristics of Ranson and what type of sentence was necessary to deter criminal conduct.

The Magistrate Judge considered the advisory Guidelines range. He explained that the Guidelines sentencing range in Ranson's case was a two to eight months prison term. The Magistrate Judge then stated he was going to impose a prison sentence, which was justified under the Guidelines. The Magistrate Judge further explained why he imposed a sentence at the high end of the Guidelines range. He explained that there were some grounds for departing upward and imposing a sentence outside the Guidelines range because Ranson was arrested on a misdemeanor sexual battery charge in November 2009, which was one month after Ranson committed the offense for which the Magistrate Judge sentenced him. Finally, the Magistrate Judge denied Ranson's request to award him probation because of Ranson's criminal background.

In sum, the record belies Ranson's argument that the Magistrate Judge failed to consider the mitigating evidence presented, failed to consider the § 3553(a) factors, or failed to present a sentencing rationale. The Magistrate Judge focused on Ranson's criminal history and such reliance was not unreasonable. The Magistrate Judge did not treat the Guidelines as mandatory, rather than advisory. Accordingly, the sentence was procedurally reasonable.

## II. SUBSTANTIVE REASONABLENESS

A sentence is substantively unreasonable if, under the totality of the circumstances, it fails to achieve the purposes of sentencing listed in § 3553(a). Pugh, 515 F.3d at 1191. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." Talley, 431 F.3d at 788. There is a range of reasonable sentences a sentencing court may impose. Id. It is generally expected that a sentence within the Guidelines range will be reasonable. Id.

Ranson's within-Guidelines sentence is substantively reasonable. Ranson had a criminal background that the Magistrate Judge made clear was the reason why his sentence was eight months. The § 3353(a) factors support Ranson's sentence. The Magistrate Judge did not abuse his discretion in sentencing Ranson to an eight months prison term. Accordingly, Ranson's sentence is affirmed.

**SO ORDERED**, this the 25th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc